UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GUARANTEE AND<br>LIABILITY INSURANCE COMPANY,<br><br>　　　Plaintiff,<br><br>　　　vs.<br><br>WILLIAM R. ZWEIFEL, RON COBEN,<br>LEANNE COBEN, WILLIAM R. ZWEIFEL,<br>P.C.<br><br>　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:14-CV-01788 |

## ZWEIFEL DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE WERLEIN, JR.:

Defendants William R. Zweifel and William R. Zweifel, P.C. ("Zweifel Defendants") file this Motion for Summary Judgment Against Plaintiff American Guarantee and Liability Insurance Company ("AGLIC") pursuant to Rule 56 of the Federal Rules of Civil Procedure and respectfully request the Court to rule as a matter of law that Plaintiff's claims are barred under Texas Insurance Code §705.005 for failure to timely notify the Zweifel Defendants of a refusal to be bound by the insurance policy. In support of this motion, the Zweifel Defendants respectfully show the Court as follows:

### I.　INTRODUCTION

1.　An insurance company may only rescind an insurance policy for a material misrepresentation if it can prove that before the 91st day after the date the insurance carrier discovered the falsity of the representation that it gave notice to the insured that it refused to be bound by the policy. TEX. INS. CODE §705.005. AGLIC was aware of the basis for its rescission no later than August 13, 2013, when it identified the purported false representation in a letter to

1

the Zweifel Defendants. However, the earliest AGLIC refused to be bound by the policy was on June 27, 2014, when it filed this declaratory judgment action seeking a rescission on the same factual basis as set forth in its coverage letter sent eleven months earlier. Further, to date, AGLIC still has never refunded the insured's premium, an act consistent with and required for Policy rescission. AGLIC waited more than 91 days after discovering the purported falsity to give notice that it refused to be bound by the policy. Therefore, AGLIC is statutorily barred from rescinding the insurance policy.

## II. FACTUAL BACKGROUND

### A. AGLIC's August 13, 2013, Coverage Letter: AGLIC Claims Actual Awareness of a False Representation But Did Not Refuse to Be Bound by the Policy.

2. AGLIC issued a professional liability policy, policy number LPL 8944760-08 for policy period June 3, 2013, to June 3, 2014, to William R. Zweifel, P.C. ("Policy").

3. The Zweifel Defendants were sued in an underlying matter styled *Ron Coben and Leanne Coben v. William R. Zweifel and William R. Zweifel, P.C.*, Cause No. 2013-39341, in the 129th Judicial District Court of Harris County, Texas ("Coben Action").[1] Following service, the Zweifel Defendants tendered the claim to AGLIC. *See* Ex. A, August 13, 2013, Correspondence from AGLIC to Zweifel Defendants ("AGLIC Letter").

4. In response to the tender, AGLIC issued a coverage position in correspondence to the Zweifel Defendants. *See* Ex. A. The AGLIC Letter raised for the first time the issue of material misrepresentations made by the Zweifel Defendants in the renewal application documents for the Policy. The AGLIC Letter claimed Zweifel made false representations in response to questions 10, 11, and 12 of the renewal application for the Policy citing the following basis:

---

[1] *See* Dkt. #1, ¶1, *Plaintiff AGLIC's First Amended Original Complaint and Request for Declaratory Judgment*, on file with the Court.

> We direct your attention to these provisions of the Renewal Application since on March 8, 2013 the Insured pled guilty to two counts of willfully aiding and assisting in the preparation of a tax return that was false or fraudulent. To the extent that prior to June 3, 2013 the Insured knew that he had been the subject of a criminal action or was aware of any circumstance or error that could result in a claim or suit, and failed to report such in the Renewal Application, American Guarantee reserves the right to rescind the Policy on the basis of material misrepresentation in the Renewal Application.

*See* Ex. A, Pg. 7.

5. Despite an acknowledgment that a false representation had been uncovered, the AGLIC Letter did not indicate any refusal by AGLIC to be further bound by the Policy. In fact, the letter indicated that AGLIC was retaining counsel for the Zweifel Defendants at AGLIC's expense pursuant to the Policy to defend the Zweifel Defendants against the claims asserted in the Coben Action. *See id.* Lastly, AGLIC indicated again that it "reserves all rights and defenses available under the Policy and at law to…rescind the Policy on any additional and alternative grounds as other terms, conditions, provisions, exclusions, and endorsements, as well as any statements, representations or warranties in connection with the Policy application, are found to apply." *Id.* at Pg. 8, Section VI. Clearly, AGLIC was aware that such information could serve as the basis for a potential rescission at the time of the letter. Yet nowhere in the correspondence does it refuse to be bound by the Policy or provide notice of a present intent to rescind.

**B.   AGLIC's Declaratory Judgment for Rescission: AGLIC Waits Eleven Months to Act on the Purported False Representations-Never Returns the Policy Premiums.**

6. AGLIC filed its declaratory judgment action on June 27, 2014, seeking to rescind the Policy based on certain alleged material misrepresentations made by the Zweifel Defendants in the renewal application. *See* Dkt. # 1, ¶1. Specifically, AGLIC contended that Zweifel made false representations with regard to renewal application questions 10, 11 and 12. *See* Dkt. #1, ¶14-16. These are the same questions AGLIC identified in the August 2013 AGLIC Letter as

3

being false.

7. AGLIC also contended in the complaint that the representations were false based on the fact that a criminal indictment was filed against Mr. Zweifel prior to his renewal application and to which he pled guilty on March 8, 2013. *See* Dkt. #1, ¶18. These are the same grounds cited by AGLIC in the AGLIC Letter as the basis of a potential rescission in the future. Therefore, AGLIC now seeks to rescind the insurance policy on the exact same grounds as cited in the AGLIC Letter almost eleven months earlier. Yet, AGLIC never refused to be bound by the Policy until, arguably, it filed its declaratory judgment action. Moreover, AGLIC has never returned the policy premiums, an act consistent with and required for rescission and to restore the parties to their pre-contract position.

### III. SUMMARY JUDGMENT STANDARD

9. Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. FED R. CIV P. 56(C). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, and affidavits that it believes demonstrated the absence of a genuine issue of material fact. *Douglas v. State Farm Lloyds*, 37 F.Supp. 532, 535 (S.D. Tex. 1999)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

10. Once a proper motion has been made, the nonmoving party may not rest upon mere allegations or denial in the pleadings, but must present affirmative evidence, setting forth specific facts, to show the existence of a genuine issue for trial. *Id*. All of the evidence must be construed "in the light most favorable to the non-moving party without weighing the evidence,

assessing its probative value, or resolving any factual disputes." *Id*. Nonetheless, the nonmovant's burden is not satisfied by "some metaphysical doubt as to material facts," conclusory allegations, unsubstantiated assertions, or speculation, or "only a scintilla of evidence." *Id*. (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)). Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential to her case on which she bears the burden of proof at trial. *Id* at 536. "In such a situation, there can be no genuine issue as to any material fact since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Id*. (citing *Wenner v. Texas Lottery Comm'n*, 123 F.3d 321, 322-23 (5th Cir. 1997)).

## IV. ARGUMENTS AND AUTHORITIES

**A.    Texas Law Requires an Insurer to Refuse to Be Bound by the Policy before the 91st Day of Discovering the Falsity of a Material Misrepresentation.**

11.    Timely notice has been an essential element of an insurer's claim to rescind an insurance policy for a material misrepresentation in Texas for over one hundred years. *See e.g., Commonwealth Bonding & Cas. Ins. Co. v. Wright*, 171 S.W. 1043 (Tex. Civ. App.—Fort Worth 1914). This requirement is currently codified in the Texas Insurance Code as follows:

```
(a)  This section applies to any suit brought on an
     insurance policy issued or contracted for after
     June 29, 1903.

(b)  A    defendant    may    use    as    a    defense    a
     misrepresentation made in the application for or
     in obtaining an insurance policy only if the
     defendant shows at trial that before the 91st day
     after  the  date  the  defendant  discovered  the
     falsity of the representation, the defendant gave
     notice that the defendant refused to be bound by
     the policy: (1) to the insured if living;
```

TEXAS INSURANCE CODE §705.005.

12. The failure of the insurer to give the required notice creates an absolute bar to a suit to rescind the policy based on a material misrepresentation. *See e.g., Myers v. Mega Life and Health Ins. Co.,* 2008 WL 1758640, *3 (Tex.App.—Amarillo 2008, review denied); *In re Vartec Telecom, Inc.,* 2007 WL 2142499, *2 (Bankr.N.D.Tex. 2007); *Essex Ins. Co. v. Redtail Products, Inc.,* 1999 WL 627379, *8 (N.D.Tex. 1999); *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Hudson Energy Co, Inc.,* 780 S.W.2d 417, 424-425 (Tex.App.—Texarkana 1989), *judgment affirmed on other grounds,* 811 S.W.2d 552 (Tex. 1991); *Koral Industries, Inc. v. Security-Connecticut Life Insurance Company,* 788 S.W.2d 136, 148-149 (Tex.App.-Dallas 1990), *writ denied with per curiam opinion,* 802 S.W.2d 650 (Tex. 1990); *Sanders v. Jefferson National Life Ins. Co.,* 510 S.W.2d 407, 408 (Tex.App.—Dallas 1974, no writ); *Womack v. Allstate Ins. Co.,* 296 S.W.2d 233, 235-36 (Tex. 1956). While the language of the statute is postured as an affirmative defense for an insurer, the case law clearly applies the statute with equal force to an insurer's efforts to preemptively assert such affirmative defense in the form of a declaratory judgment to rescind an insurance policy. *See id.*

**B.    The AGLIC Letter Fails to Provide Adequate Notice That the Insurer Refused to Be Bound by the Policy.**

13. As stated above, the insurer must provide notice to the insured that it "refused to be bound by the Policy." TEX. INS. CODE §705.005. Generally, Texas cases have found that notice was adequate where an insurer provided clear and unequivocal written notice that the policy was being rescinded, and would be considered by the insurance company to be void *ab initio* (i.e., of no force or effect) due to a misrepresentation. *See e.g., Essex Ins. Co.,* 1999 WL 627379, *3; and *Koral Industries, Inc.,* 788 S.W.2d at 149.

14. However, an insurer's failure to provide notice of anything less than a clear and unequivocal refusal to be bound by the insurance policy is not sufficient. For example, in

*Hudson Energy Co., Inc.,* the insurer sent the insured two reservation-of-rights letters indicating that it was continuing to investigate the claim, set forth the applicable policy language regarding false representations in the application, and reserved all rights under the insurance policy to deny coverage or liability under the insurance policy in the future including for rescission. 780 S.W.2d at 425. The second letter even provided the information serving as the basis of its rescission and asked the insured to submit additional information to refute that evidence. *Id.* The court found that these reservation-of-rights letters failed to meet the statutory requirements that the insurer "was refusing to be bound by the insurance policy because of the falsity of representations made in the application." *Id.* Indicating a future intent to possibly rescind the insurance policy is simply not the same as refusing to be bound by the policy.

15. In this instance, AGLIC failed to provide notice that it was refusing to be bound by the insurance policy because of the falsity of the representations made in the application. *See supra,* ¶4-5. For example, the AGLIC Letter outlines the purported false representations that it now relies on to move for rescission, but does not indicate the date the policy is to be terminated (retroactively or prospectively), that AGLIC would be returning the premiums because it considered the policy void, or even that it would provide no further coverage under the Policy. In fact, AGLIC specifically stated the opposite by indicating that it would be retaining defense counsel and controlling the defense of the case moving forward. Moreover, it never made any effort to refund the premiums paid by the insured. This letter is blatantly insufficient to meet the statutory requirement for notice.

16. Almost synonymous to rescission, the act of cancellation also constitutes a termination of the insurance relationship, the only difference being that cancellation is prospective and rescission is retroactive. *See e.g. Ferguson v. DRG/Colony North, Ltd.,* 764

S.W.2d 874, 887 (Tex.App.—Austin 1989, writ denied).  Texas common law has very clearly developed the requirements for adequate notice of cancellation of an insurance policy which are strictly construed against an insurer.  Such law is instructive as to the public policy requirements behind termination of the insurance relationship, and would seemingly apply with equal force to rescission.  To adequately provide notice of cancellation, Texas law requires as follows:

> The notice must give the insured a definite understanding that the policy is cancelled, or the insurer's notice to cancel must be so expressed as to give notice to an ordinary man in the exercise of ordinary care.  The notice must be expressed in clear, positive and unequivocal terms.  It must not be couched in such terms as to leave the insured in doubt as to the effective date of the cancellation.  It must not be merely an expression of an intention to cancel the policy at some time in the future.

*Frontier-Pontiac, Inc. v. Dubuque Fire & Marine Ins. Co.,* 166 S.W.2d 746, 747 (Tex.Civ.App.—Fort Worth 1942, no writ).[2]

17.     As discussed above, nothing about the AGLIC Letter gives a definite

---

[2]  This Court in *SGF Global, Inc. v. Hartford Cas. Ins. Co.,* similarly cited *Frontier-Pontiac, Inc. v. Dubuque Fire & Marine Ins. Co.,* in a discussion about cancellation under Texas law which is illustrative of the burdens imposed on insurers to terminate the insurance relationship:

> Texas law requires strict compliance with provisions governing notice of cancellation. *See Republic W. Ins. Co. v. Rockmore,* No. 3-02-CV-1569-K, 2005 WL 57284, at *5 (N.D.Tex. Jan.10, 2005); *Jones v. Ray Ins. Agency,* 59 S.W.3d 739, 748 (Tex.App.-Corpus Christi 2001, pet. denied); *Stroop v. N. County Mut. Ins. Co.,* No. 05-97-01517-CV, 2000 WL 33409635, at *5 (Tex.App.-Dallas Dec.4, 2000) (**invalidating an attempted retroactive cancellation of a policy that failed to comply with statutory and contractual notice requirements**), *on rehearing,* 2001 WL 881728 (Tex.App.-Dallas Aug. 7, 2001, pet. denied); *Sw. Fire & Cas. Co. v. Bendel,* 321 S.W.2d 183, 186 (Tex.Civ.App.-Dallas 1959, no writ)(**holding "substantial compliance" insufficient under Texas law, and invalidating notice of cancellation that was improperly addressed**). If the notice does not specify an effective date, or is provided within less time than required by the policy, such notice takes effect only upon the expiration of the contractual notice period. *See Brewer v. Md. Cas. Co.,* 245 S.W.2d 532, 534 (Tex.Civ.App.-San Antonio 1952, writ ref'd n.r.e.) ("A notice of cancellation effective at an earlier date than permitted by a policy would be controlled by the policy...."); *Frontier-Pontiac, Inc. v. Dubuque Fire & Marine Ins. Co.,* 166 S.W.2d 746, 747 (Tex.Civ.App.-Fort Worth 1942, no writ); *California-Western States Life Ins. Co. v. Williams,* 120 S.W.2d 844, 846 (Tex.Civ.App.-El Paso 1938, writ dism'd) (explaining a notice that the policy "is hereby cancelled" would take effect five days after receipt of such notice, as provided by contract).

2007 WL 602411 (S.D.Tex. 2007)(Werlien)(emphasis added).

understanding that the insurer is refusing to be bound by the Policy. Nothing about the letter would give any ordinary person in the exercise of ordinary care any indication that the insurer refuses to be bound by the Policy. The letter does not provide such notice in clear, positive and unequivocal terms. On the contrary, the letter, by providing a defense to the insureds, suggests performance and an intent to be bound by the Policy on the part of AGLIC. At a minimum, such actions are severely misleading given the rest of the letter. It does not express any particular effective date of rescission or cancellation, and does not reflect that AGLIC considered the Policy void *ab initio*. It is nothing more than an expression of an intention to reserve the right to possibly rescind the Policy at some time in the future. Nothing more glaringly evidences AGLIC's failure to refuse to be bound by the policy than its failure to refund the premiums paid for the Policy. AGLIC simply failed to comply with the mandatory statutory requirements under Texas law, and, therefore, is barred from rescinding the Policy.

**C.    AGLIC Did Not Send Notice Within 91 Days of Discovering the Purported Falsity of the Representation that it Now Relies Upon to Rescind the Policy**

18.    There is no dispute that AGLIC identified, and therefore had actual awareness of, a purported falsity on the renewal application with respect to Questions 10, 11 and 12 by August 13, 2013 (the date of the AGLIC Letter). *See supra,* ¶4. Specifically, AGLIC expressly acknowledged learning that Mr. Zweifel "pled guilty to two counts of willfully aiding and assisting in the preparation of a tax return that was false or fraudulent" prior to the renewal application, but failed to provide that information on the renewal application in response to Questions 10, 11, and 12. *Id.*

19.    Pursuant to Texas Insurance Code §705.005, AGLIC was required to give notice before the 91st day of discovering the falsity of the representation. At the latest, AGLIC was required to give such notice by October 11, 2013. However, the next time AGLIC raised an

9

issue concerning this misrepresentation on the renewal application was when it filed—some eleven months later—its declaratory judgment action in this Court seeking to rescind the policy based on the same false representation as identified in the AGLIC Letter. *See supra,* ¶ 6-7. Therefore, AGLIC failed to meet the statutory deadline to notify the insured that it refused to be bound by the policy in order to rescind the Policy.

## V.   CONCLUSION

As a matter of law, Plaintiff failed to comply with Texas Insurance Code §705.005 and is, therefore, barred from rescinding the Policy. Accordingly, the Zweifel Defendants move to dismiss Plaintiff's claims as a matter of law.

Respectfully submitted,

CHAMBERLAIN, HRDLICKA, WHITE,
WILLIAMS & AUGHTRY, P.C.

By:     /s/ Jeff C. Wigginton
    Christine Kirchner
    State Bar No. 00784403
    Jeff C. Wigginton, Jr.
    State Bar No. 24057521
    1200 Smith Street, Suite 1400
    Houston, Texas 77002
    Telephone: (713) 658-1818
    Telecopier: (713) 658-2553

    ATTORNEYS FOR DEFENDANTS WILLIAM R. ZWEIFEL AND WILLIAM R. ZWEIFEL, P.C.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Answer has been served on the following counsel of record via the Court's ECF/PACER system on this 27th day of March, 2015.

Alicia Curran
Cozen O'Connor
1717 Main Street, Suite 3400
Dallas, Texas 75201
*Attorney for Plaintiff*

Sarah A. Duckers
Terrie L. Sechrist
Sechrist – Duckers LLP
770 South Post Oak Lane, Suite 410
Houston, Texas 77056
*Attorney for Defendants Ron and Leanne Coben*

/s/ Jeff C. Wigginton, Jr.

1858396_1
090835..000001