IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO.  4:14-CV-01788 |
| WILLIAM R. ZWEIFEL, WILLIAM R. ZWEIFEL, P.C., RON COBEN, AND LEANNE COBEN, | § § § § | |
| *Defendants*. | § § | |

**<u>PLAINTIFF AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY'S
RESPONSE IN OPPOSITION TO THE ZWEIFEL DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND AGLIC'S BRIEF IN SUPPORT OF ITS
CROSS MOTION FOR SUMMARY JUDGMENT</u>**

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION AND SUMMARY OF ARGUMENT ...................................................1

II.   NATURE AND STAGE OF THE PROCEEDINGS .........................................................2

III.  FACTS ...............................................................................................................................2

IV.  STANDARD OF REVIEW ...............................................................................................6

V.   LEGAL ARGUMENT .......................................................................................................7

      A.    AGLIC's Letter Provided The Zweifel Defendants With Timely Notice Of Its Intention To Seek Rescission Of The Policy ........................................................ 7

      B.    Insurers Have a Duty to Defend Insureds Until a Policy is  Declared Void *Ab Initio* by a Court........................................................................................... 9

      C.    AGLIC Has Satisfied All The Elements Necessary To Rescind The Policy........ 12

            1.    The Zweifel Defendants Made a False Misrepresentation on the Application for the 2013 Policy............................................................... 13

            2.    AGLIC Relied on Zweifel's False Misrepresentations in the Application for the 2013 Policy When Determining Whether to Renew the Lawyers' Professional Responsibility 2013 Policy ............... 14

            3.    The Zweifel Defendants Intended to Deceive AGLIC in the Application............................................................................................... 16

            4.    The Zweifel Defendants' False Misrepresentations Were Material ......... 17

VI.  CONCLUSION................................................................................................................17

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment         Page ii

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)..........................................................................................6, 7

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986)..........................................................................................6, 7

*Curtis v. Anthony*,
  710 F.3d 587 (5th Cir. 2013) ................................................................................7

*Fed. Ins. Co. v. Tyco Int'l Ltd.*
  2 Misc. 3d 1006(A), 784 N.Y.S.2d 920 (Sup. Ct. 2004) ......................................10

*Fireman's Fund Ins. Co. v. Wilburn Boat Co.*,
  300 F.2d 631 (5th Cir. 1962) ..............................................................................17

*Firman v. Life Ins. Co. of N. Am.*,
  684 F.3d  533, 538 (5th Cir. 2012) ........................................................................6

*Gon v. First St. Ins. Co.*,
  871 F.2d 863 (9th Cir.1989) ...............................................................................10

*Gorman v. Verizon Wireless Texas*,
  LLC, 753 F.3d 165 (5th Cir. 2014).......................................................................6

*In re Heritage Consol., LLC*,
  765 F.3d 507 (5th Cir. 2014) ................................................................................7

*Illinois State Bar Ass'n Mut. Ins. Co. v. Coregis Ins. Co.*
  821 N.E.2d 706 (Ill. App. Ct. 2004). .............................................................10, 11

*Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*,
  654 F.Supp. 1334, 1345–46 (D.D.C.1986)..........................................................10

*Lee v. National Life Assur. Co. of Canada*,
  632 F.2d 254 (5th Cir. 1980) ..............................................................................16

*Matsushita v. Zenith Radio*,
  475 U.S. 574 (1986).............................................................................................7

*Mayes v. Mass. Mut. Life Ins. Co.*,
  608 S.W.2d 612 (Tex. 1980)...............................................................................13

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page iii

*Medicus Ins. Co. v. Todd*,
  400 S.W.3d 670, 679 (Tex. App. – Dallas 2013, no pet.)......................................................13

*Meecorp Capital Markets LLC v. Tex-Wave Indus. LP*,
  265 Fed. App'x 155 (5th Cir. 2008) ...................................................................................6

*Mirich v. Underwriters at Lloyd's London*
  149 P.2d 19 (Cal. App. Ct.  1944) ....................................................................................11

*National Fire Ins. Co. v. Hudson Energy Co., Inc.*,
  780 S.W.2d 417 (Tex. App.—Texarkana 1989), *judgment affirmed on other*
  *grounds*, 811 S.W.2d 552 (Tex. 1991) ...............................................................................8

*Natl. Union Fire Ins. Co. of Pitt. v. Brown*,
  787 F.Supp. 1424 (S.D.Fla.1991) ....................................................................................10

*Odom v. Ins. Co. of Pa.*,
  441 S.W.2d 584 (Tex. Civ. App.—Austin 1969) *aff'd*, 455 S.W.2d 195 (Tex.
  1970) ..............................................................................................................................16

*One Beacon Ins. Co. v. T. Wade Welch & Assocs.*,
  2012 U.S. Dist. LEXIS 48280 (S.D. Tex. Apr. 5, 2012) ......................................................17

*Robinson v. Reliable Life Ins. Co.*,
  569 S.W. 2d 29-30 (Tex. 1978) ......................................................................................17

*Sony Pictures Home Entertainment Inc. v.  Lott*,
  255 Fed. App'x 878, 880 (5th Cir. 2007) ...........................................................................7

*Tiblier v. Dlabal*,
  743 F.3d 1004 (5th Cir. 2014) .........................................................................................7

*U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*,
  683 F.Supp. 1139 (W.D.Mich.1988) ...............................................................................10

*Union Bankers Ins. Co. v. Shelton*,
  889 S.W.2d 278 (Tex. 1994)......................................................................................12, 16

*United of Omaha Life Ins. Co. v. Halsell*,
  2010 WL 376428, at *1 (W.D. Tex. Jan. 25, 2010)...................................................13, 14, 16

*Wise v. E.I. DuPont de Nemours & Co.*,
  58 F.3d 193 (5th Cir. 1995) .............................................................................................7

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page iv

**Statutes**

Texas Insurance Code § 705.004 .........................................................................................12

Texas Insurance Code § 705.005 ....................................................................................1, 7, 8

**Other Authorities**

Fed. R. Civ. P. 56(c) .......................................................................................................6, 7

Fed. R. Civ. P. 56..............................................................................................................1

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page v

TO THE HONORABLE JUDGE WERLEIN, JR.:

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff American Guarantee and Liability Insurance Company (hereinafter "AGLIC") files this Response in Opposition to Defendant William R. Zweifel's and Defendant William R. Zweifel, P.C.'s (hereinafter collectively the "Zweifel Defendants") Motion for Summary Judgment and its Brief in Support of AGLIC's Cross Motion for Summary Judgment against the Zweifel Defendants (and Ron Coben and Leanna Coben), and in support respectfully shows the Court as follows:

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

This is an insurance coverage action.  On June 27, 2014, AGLIC filed its First Amended Original Complaint and Request for Declaratory Judgment (hereinafter, the "Complaint") seeking the rescission of the lawyers' professional liability insurance policy, Policy No. LPL 8944760 08 for policy period June 3, 2013 to June 3, 2014 issued to William R. Zweifel, P.C. (the "Firm" or "Zweifel, P.C.") and under which William R. Zweifel ("Mr. Zweifel") was an insured (hereinafter, the "2013 Policy"). [Doc. 5] On March 27, 2015, the Zweifel Defendants filed a Motion for Summary Judgment [Doc. 20] alleging that AGLIC's claim for rescission is barred under Texas Insurance Code § 705.005 for failure to timely notify the Zweifel Defendants of its intention to rescind the 2013 Policy.

The Zweifel Defendants' Motion should be denied because the Zweifel Defendants' sole allegation – that AGLIC did not timely notify the Zweifel Defendants of its intent to rescind the 2013 Policy – fails as a matter of law. Texas Insurance Code § 705.005 provides that an insurer may seek to rescind a policy due to a misrepresentation in the application if the insurer can show at trial that before the 91st day after the date the insurer discovered the falsity of the representation, the insurer gave notice that it refused to be bound by the Policy to the insured. Here, AGLIC notified the Zweifel Defendants of its intention to rescind the Policy within

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 1

twenty-five days of learning of misrepresentations made in the document titled Renewal Application for Lawyers Professional Liability Insurance Policy, which document the Zweifel Defendants completed, signed and submitted to AGLIC to secure the renewal of the Lawyers Professional Liability Policy for the June 3, 2013 to June 3, 2014 policy year ("Application"). Accordingly, the Zweifel Defendant's Motion for Summary Judgment should be denied.

Moreover, an insurer may cancel a policy on the basis of the insured's misrepresentations if the insurer pleads and proves five elements: (1) the making of the representation; (2) the falsity of the representation; (3) the insurer's reliance on the representation; (4) the insured's intent to deceive in making the representation; and (5) the materiality of the representation.  AGLIC moves for summary judgment because the facts clearly show that the Zweifel Defendants made intentional and material misrepresentations by failing to disclose on the Application that prior to completing, signing and submitting it to AGLIC, Mr. Zweifel had pled guilty to federal criminal charges and would face incarceration.  Accordingly, AGLIC is entitled to summary judgment and a declaration from this court that the 2013 Policy is void *ab initio* and rescinded.

## II.    NATURE AND STAGE OF THE PROCEEDINGS

The deadline for dispositive motions is September 15, 2015, with the Docket Call set for January 8, 2016.

## III.    FACTS

In this action, AGLIC seeks rescission of the 2013 Policy that it issued to Zweifel, P.C. because its named and sole partner, Mr. Zweifel (also an insured) misrepresented, omitted and/or concealed material facts from AGLIC in its Application for the 2013 Policy, which policy provides lawyers' professional liability insurance.  Alternatively, AGLIC seeks a declaration that it had no obligation to defend or indemnify the Zweifel Defendants in connection with an underlying lawsuit styled *Ron Coben and Leanne Coben v. William R. Zweifel and William R.*

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 2

*Zweifel, P.C.*, Cause No. 2013-39341, in the 129th Judicial District of Harris County, Texas ("the Cobens' Lawsuit").[1]

As set forth in greater detail in its Complaint, AGLIC's action for rescission arises from the Application for lawyers' professional liability insurance which the Zweifel Defendants submitted to AGLIC and Zweifel, individually and as the name partner of the Firm, signed on or about June 3, 2013.[2]  The Application asked, among other questions:

- whether the Firm filed for bankruptcy or had any liens or suits pending against it since the last application, <u>to which the Zweifel Defendants answered "No</u>." [3]

- whether any attorney or employee of the applicant had been the subject of a criminal action, a reprimand, disciplinary action, Bar complaint, investigation, or other ethics proceeding within the past year, <u>to which the Zweifel Defendants responded "No.</u>"[4]

- whether any claim or suit arising out of the rendition of legal services had been made against any Attorney or employee of the Applicant within the past year.  <u>The Zweifel Defendants responded "Yes"</u> and attached a Claim Supplement Form which referenced a claim by the Pearsons which had previously been submitted to AGLIC.[5]

- whether any Attorney or employee of the Applicant was aware of any circumstance(s), incident(s), act(s), error(s) or omission(s) that could result in a claim or suit against the Applicant or any employees of the Applicant. <u>Again, the Zweifel Defendants responded "No."</u>[6]

---

[1]    *See* petition in Cobens' Lawsuit [AGLIC 00861-69] (AGLIC Appendix Tab 6, APP 0040-48).  The Cobens' Lawsuit was settled on November 14, 2014 with the Zweifel Defendants paying the settlement proceeds. AGLIC paid for the defense of the Cobens' Lawsuit through its settlement and dismissal/nonsuit.

[2]    See Application [AGLIC 00673-75] (AGLIC Appendix Tab 3, APP 0007-9) ("Application") at APP 008-9; *see* also Affidavit of Daniel Hirsch (Appendix Tab 2, APP 0005-6) ("Hirsch Affidavit") at APP 0005, paragraph 4; *see also* Affidavit of Jean Flora Nacchio (Appendix Tab 1, APP 0001-4) ("Nacchio Affidavit") at APP 003, paragraph 13.a.

[3]    *Id.*

[4]    *Id.*

[5]    *Id.*

[6]    *Id.*

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 3

Based on the information in the Application, AGLIC issued the 2013 Policy to the Zweifel Defendants.[7]

But the answers to these questions was materially false. Prior to the Zweifel Defendants' June 3, 2013 submission of the signed Application and prior to the June 3, 2013 inception date of the 2013 Policy, the Zweifel Defendants not only knew that there was a criminal action filed against Mr. Zweifel in federal court and that there was the potential for more civil and criminal suits than disclosed, but also knew that he had plead guilty to the charges. Specifically, on January 24, 2013, a criminal complaint was filed against Mr. Zweifel in the United States District Court for the Southern District of Texas styled *United States v. Zweifel*, Cause No. 13-CR-40 ("Criminal Lawsuit").[8] In this action, the United States Government brought two claims of willfully aiding and assisting in the preparation and presentation of false tax returns for two former clients.[9] On March 8, 2013, Zweifel pled guilty to both counts and entered into a Plea Agreement with the United States Attorney's Office in which Zweifel admitted that he prepared and filed false tax returns and claimed refunds to which his clients were not entitled.[10] As a result, Zweifel was sentenced on July 9, 2013 to 37 months in prison.[11]

The Zweifel Defendants' deception was not solely limited to the misrepresentations in the Application. On June 4, 2013, Mr. Zweifel spoke with Tesh Patel, an account executive at

---

[7]     *See* 2013 Policy [AGLIC 645-666] (AGLIC Appendix Tab 4, APP 0010-0031) ("Policy"); *see also* Nacchio Affidavit at APP 0001, paragraph 3 and APP 4, paragraph 13(b).

[8]     *See* Criminal Information (AGLIC Appendix Tab 11, APP 0079-0080) ("Information") and Docket for Criminal Lawsuit [AGLIC 00822-] (AGLIC Appendix Tab 7, APP 0049-54) ("Docket"), of which AGLIC requests the Court take judicial notice.

[9]     *Id.*

[10]     *See* Plea Agreement [AGLIC 00825-49](AGLIC Appendix Tab 8, APP 0055-APP 0076) ("Plea Agreement").

[11]     *See* Docket at APP 0053 and Judgment in Criminal Case (AGLIC Appendix Tab 12, APP 0081-86) ("Judgment") at APP 0082, of which AGLIC requests the Court take judicial notice.

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 4

Daniels Head Insurance Agency, and stated that he was about to retire from the practice of law and would be selling his practice to his daughter.[12]  Mr. Zweifel further noted that he wanted to bind coverage ASAP and would provide a credit card for payment.[13]  Moreover, on August 8, 2013, Mr. Zweifel requested that the 2013 Policy be cancelled due to his upcoming "retirement." AGLIC issued a check for $9,049.00 of unearned premium pursuant to the terms of the 2013 Policy.[14]

As an attorney, Mr. Zweifel fully understood the significance of the federal criminal action brought against him and the potential for additional lawsuits from clients that had been involved in such criminal actions or any IRS audit proceedings.  He understood that the statements in the Application were material to the acceptance by AGLIC of the risk of insuring the Zweifel Defendants.

AGLIC's 2013 Policy expressly provides, among other provisions, that, by acceptance of the Policy (1) the insured [the Zweifel Defendants] reaffirms as of the effective date of the Policy [June 3, 2013] that the statements in the Application(s), any attachment(s), and all information communicated by the insured [the Zweifel Defendants] to AGLIC, are true and accurate and are specifically incorporated in the 2013 Policy and are all insureds' agreements, personal representations and warranties; (2) all such communicated information is deemed material to AGLIC's issuance of the Policy; (3) the 2013 Policy is issued in reliance upon the truth and accuracy of the representations made; and (4) if any representation is false or misleading, the

---

[12]     *See* Tesh Patel's Electronic Notes [AGLIC 00083](AGLIC Appendix Tab 9, APP 0077) ("Patel's Notes").

[13]     *Id.*

[14]     *See* Unearned Premium Check, [AGLIC 00688] (AGLIC Appendix Tab 10, APP 0078); *see* Hirsch Affidavit at APP 0006, paragraph 8; *see* Nacchio Affidavit at APP 0003-4, paragraphs 12 and 13.g. and h.

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 5

2013 Policy shall be void *ab initio*.[15]

On or about July 19, 2013, AGLIC learned for the first time that Mr. Zweifel pled guilty in the federal criminal matter.[16]   On August 13, 2013, AGLIC informed the Zweifel Defendants that AGLIC was reserving its rights to rescind the 2013 Policy on the basis of their material misrepresentation.[17]   Pursuant to its obligations under the 2013 Policy and pursuant to the Zweifel Defendants' tender and request that counsel in the Pearsons' lawsuit be assigned to the Cobens' Lawsuit, AGLIC assigned counsel to defend the Zweifel Defendants while advising that it reserved its right to rescind the 2013 Policy.[18]   AGLIC further advised the Zweifel Defendants that it would seek to recover all claim expenses if coverage was determined to be inapplicable.[19]

## IV.    STANDARD OF REVIEW

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[20]   When a party moves for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.[21]   Issues of material fact are "genuine" only if they require resolution by a trier of fact.[22] The mere existence of some alleged factual dispute between the parties will not defeat an

---

[15]        *See* Policy, V. Conditions, Paragraph J at APP 0020.

[16]        *See* Nacchio Affidavit, at APP 0002-3, paragraphs 5, 9, and 10); *see also* Hirsch Affidavit at APP 0005, paragraph 5.

[17]        *See* August 13, 2013 letter to Zweifel Defendants [AGLIC 00875-82] (AGLIC Appendix Tab 5, APP 0032-39) ("August 13, 2013 letter") at APP 0038.

[18]        *Id.*; *see also* Nacchio Affidavit at APP 0002, paragraphs 5-8.

[19]        *See* August 13, 2013 letter at APP 0038.

[20]        *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Meecorp Capital Markets LLC v. Tex-Wave Indus. LP*, 265 Fed. App'x 155, 156 (5th Cir. 2008).

[21]        *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Firman v. Life Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012).

[22]        *See Anderson*, 477 U.S. at 248.  *See also Gorman v. Verizon Wireless Texas*, LLC, 753 F.3d 165, 170 (5th Cir. 2014) (explaining that a genuine issue of material fact means "evidence is such that a reasonable jury could return a verdict for the nonmoving party").

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 6

otherwise properly supported motion for summary judgment.  Only disputes over facts that might affect the outcome of the lawsuit under governing law should preclude the entry of summary judgment.[23]

Procedurally, the party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact."[24]  The burden then shifts to the nonmoving party to establish the existence of a genuine issue for trial.[25]  If the nonmovant fails to make a showing sufficient to establish the existence of an element essential to that party's case, then summary judgment is appropriate.[26]  To meet its burden, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts," and must instead "come forward with 'specific facts showing that there is a genuine issue for trial.'"[27]

## V.     LEGAL ARGUMENT

### A.     AGLIC's Letter Provided The Zweifel Defendants With Timely Notice Of Its Intention To Seek Rescission Of The Policy

The Zweifel Defendants erroneously claim that AGLIC did not timely notify them of its intention to rescind the 2013 Policy pursuant to the relevant statutory authority.  Texas Insurance Code §705.005, Notice to Insured of Misrepresentations, provides:

---

[23]     *See Anderson*, 477 U.S. at 247-48; *Tiblier v. Dlabal*, 743 F.3d 1004, 1007 (5th Cir. 2014).

[24]     *Celotex*, 477 U.S. at 323; *In re Heritage Consol., LLC*, 765 F.3d 507, 510 (5th Cir. 2014).  *See also* FED. R.CIV. P. 56(c).

[25]     *See Matsushita v. Zenith Radio*, 475 U.S. 574, 585-87 (1986); *In re Heritage Consol.*, 765 F.3d at 510; *Wise v. E.I. DuPont de Nemours & Co.*, 58 F.3d 193, 195 (5th Cir. 1995).

[26]     *Celotex*, 477 U.S. at 322-23; *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013).

[27]     *Matsushita*, 475 U.S. at 586-87 (quoting FED. R. CIV. P. 56(e)); *Sony Pictures Home Entertainment Inc. v. Lott*, 255 Fed. App'x 878, 880 (5th Cir. 2007).

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                         Page 7

> A defendant may use as a defense a misrepresentation made in the application for or in obtaining an insurance policy only if the defendant shows at trial that before the 91st day after the date the defendant discovered the falsity of the representation, the defendant gave notice that the defendant refused to be bound by the policy (1) to the insured if living…

There are very few Texas cases interpreting what constitutes proper notice under § 705.005.  The Zweifel Defendants cite to cases in their brief in which courts acknowledge that § 705.005 requires an insurer to provide timely notice regarding rescission.  Only one of these cases, however, addresses whether an insurer's letter complied with the statute.  Specifically, the Zweifel Defendants cite to *National Fire Ins. Co. v. Hudson Energy Co., Inc.*[28] to support their contention that AGLIC's August 13, 2013 letter was not adequate notice that AGLIC would seek to rescind the Policy.  *Hudson Energy Co.*, however, is easily distinguished from the facts at issue in the instant matter.  The *Hudson Energy Co.* court explained that the reservation of rights letters at issue "in no way state[d] that National Union was refusing to be bound by the insurance policy because of the falsity of representations made in the application."[29]  In fact, National Union's letter in *Hudson Energy Co.* solely advised that its legal counsel was investigating the claim, reserved its rights to deny coverage and requested any additional documentation the insured had in its possession.[30]

Here, AGLIC set forth in great detail in its letter to the Zweifel Defendants the specific provisions of the renewal Application which contained the misrepresentations.  After fully describing the Zweifel Defendants' misrepresentations, AGLIC explained,

> to the extent that prior to June 3, 2013 the Insured knew that he had been the subject of criminal action or was aware of any circumstance or error that could

---

[28]    780 S.W.2d 417 (Tex. App.—Texarkana 1989), *judgment affirmed on other grounds*, 811 S.W.2d 552 (Tex. 1991).

[29]    *Id.* at 425.

[30]    *Id.*

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                                    Page 8

result in a claim or suit, and failed to report such in the [r]enewal Application, [AGLIC] reserves the right to rescind the Policy on the basis of material misrepresentation in the [r]enewal Application.[31]

Accordingly, AGLIC clearly gave the Zweifel Defendants notice that it would not be bound by the 2013 Policy due any misrepresentations made by the Zweifel Defendants.

Moreover, AGLIC's August 13, 2013 letter was timely.  As set forth in greater detail above, the Zweifel Defendants signed their Application on or about June 3, 2013.  On or about July 19, 2013, Jean Nacchio along with AGLIC discovered for the first time that Zweifel pled guilty to federal criminal charges on March 8, 2013, almost three months prior to filling out his renewal Application.[32]  Upon discovering the misrepresentations, AGLIC promptly sent notice to the Zweifel Defendants on August 13, 2013 that it would not be bound by the policy due to any material misrepresentations.[33]   Accordingly, the Zweifel Defendants did have timely and adequate notice of AGLIC's intention to rescind the Policy, and their motion for summary judgment should be denied.

**B.      Insurers Have a Duty to Defend Insureds Until a Policy is Declared Void _Ab Initio_ by a Court**

The Zweifel Defendants further claim that AGLIC's notice was inadequate because AGLIC stated in its August 13, 2013 letter that it would provide a defense to the Zweifel Defendants pursuant to the terms of the 2013 Policy.  Although Texas has yet to address this issue, numerous jurisdictions have determined that an insurance policy remains in effect, and

---

[31]      _See_ letter dated August 13, 2013 at APP 0038.

[32]      _See_ Nacchio Affidavit at APP 0002-3, paragraphs 5, 9 and 10; _see also_ Hirsch Affidavit at APP 0005, paragraph 5.

[33]      _See_ Nacchio Affidavit at APP 0002, paragraph 6; _see also_ letter dated August 13, 2013 at APP 0038.

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 9

insurer has a duty to defend its insured, until a court declares the policy void *ab initio*.[34]

For example, in *Fed. Ins. Co. v. Tyco Int'l Ltd.*, a New York court addressed whether a liability insurer that had claimed its policy was void *ab initio* because the insured misrepresented material facts on the policy application was still obligated under that Policy to defend claims against the insured until the insurer's rescission claim was adjudicated.[35] In this case, the court noted that there was little case law in New York addressing the issue but noted that other jurisdictions had held that an insurer's duty to defend the insured under a liability policy is unaffected by an unproven claim for rescission.[36] The court found the reasoning of the other jurisdictions to be persuasive and held that until the insurer's rescission claims were litigated in its favor and the policies were declared void *ab initio*, the policies remained in effect and bound the parties.[37]

Because an insurer is required to defend its insured pursuant to the policy terms until the policy is voided *ab initio*, many jurisdictions also recognize that an insurer can reserve its rights to rescind while continuing to provide a defense.  For example, in *Illinois State Bar Ass'n Mut. Ins. Co. v. Coregis Ins. Co.*, the court found that a professional liability insurer did not waive its right to rescind a professional liability policy based upon the insured attorney's material

---

[34]      *See, e.g.*, *Gon v. First St. Ins. Co.*, 871 F.2d 863, 864–65 (9th Cir.1989) (affirming district court's order that insurer pay insured's defense costs after the district court had held insurer's rescission action "in abeyance"); *Indep. Petrochem. Corp. v. Aetna Cas. & Sur. Co.*, 654 F.Supp. 1334, 1345–46 (D.D.C.1986), *rev'd in part on other grounds*, 944 F.2d 940 (D.C.Cir.1991) (finding that insured's primary carrier had duty to defend it until the insurer proved that the policy was "negated by fraud"); *Natl. Union Fire Ins. Co. of Pitt. v. Brown*, 787 F.Supp. 1424, 1427 n. 8 (S.D.Fla.1991) (court could not declare directors and officers policy void *ab initio* until the insurer's rescission action was "fully litigated"; until then, policy remained in effect); *U.S. Fid. & Guar. Co. v. Thomas Solvent Co.*, 683 F.Supp. 1139, 1151–52 (W.D.Mich.1988) (when insurer's motion for summary judgment on rescission claim was denied, due to genuine dispute as to whether the insured obtained the policy by fraud and misrepresentation, the insurer had duty to defend).

[35]      2 Misc. 3d 1006(A), 784 N.Y.S.2d 920 (Sup. Ct. 2004). (AGLIC Appendix Tab 13).

[36]      *Id.*

[37]      *Id.*

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 10

misrepresentation in his renewal application.[38]   In this case, the insurer allegedly waited over a year before seeking to rescind the policy after learning of the misrepresentation.[39]   The court found that the insurer, however, defended the attorney under a reservation of rights broad enough to encompass the right to rescind the policy, in which it highlighted policy provisions excluding coverage for misrepresentation, and ultimately sought a declaratory judgment to rescind the policy.[40]   As such, the court held that the insurer did nothing that could reasonably lead the attorney or anyone else to believe that the insurer was waiving its right to rescind the policy.[41]

Similarly, in *Mirich v. Underwriters at Lloyd's London*, the insurer learned of prior suits against its insured, a physician, while the insurer's attorney was engaged in the defense of a suit against him.[42]   In this case, the court reasoned that the fact that the attorney continued with the case until it was finished did not constitute a waiver by the insurer of its right to rescind the policy.[43] According to the court, the insurer undertook the defense of the suit because it was required to do so under its policy, and was placed in that position through the misrepresentation of the insured.[44] As such, the court held that the insurer's completion of the trial after such knowledge was obtained, did not constitute a waiver of the insurer's right to rescind.[45]

Here, AGLIC learned of the Zweifel Defendants' misrepresentation on or about July 19, 2013 and notified the Zweifel Defendants on August 13, 2013 that it would seek to rescind the 2013 Policy while continuing to provide a defense pursuant to the terms and conditions of the

---

[38]   821 N.E.2d 706 (Ill. App. Ct. 2004).  (AGLIC Appendix Tab 14).
[39]   *Id.*
[40]   *Id.*
[41]   *Id.*
[42]   149 P.2d 19 (Cal. App. Ct.  1944) (AGLIC Appendix Tab 15).
[43]   *Id.*
[44]   *Id.*
[45]   *Id.*

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 11

2013 Policy.  Until this Court resolves the rescission action, the 2013 Policy remains in effect and AGLIC had a duty to defend the Zweifel Defendants.  By providing the Zweifel Defendants with a defense, as required under the 2013 Policy, AGLIC in no way led the Zweifel Defendants to believe it would not seek a rescission based on the Zweifel Defendants' clear misrepresentations in the Application.  In fact, the Zweifel Defendants, not AGLIC, settled the Coben Lawsuit and funded the settlement.

AGLIC provided the Zweifel Defendants with adequate and timely notice of its intention to seek a rescission of the 2013 Policy and did nothing that could reasonably lead the Zweifel Defendants or anyone else to believe that it was waiving its right to rescind the 2013 Policy. Therefore, the Zweifel Defendants' Motion for Summary Judgment should be denied.

### C.   AGLIC Has Satisfied All The Elements Necessary To Rescind The Policy

Texas courts have explained that there is only one cause of action for rescinding a policy due to misrepresentations in the application; that is by application of both the relevant statutes and the common law.[46]  Texas Insurance Code § 705.004 provides:

Policy Provision: Misrepresentation in Policy Application.

(a)     An insurance policy provision that states that false statements made in the application for the policy or in the policy make the policy void or voidable:

(1)     has no effect; and

(2)     is not a defense in a suit brought on the policy.

(b)     Subsection (a) does not apply if it is shown at trial that the matter misrepresented:

(1)     was material to the risk; or

(2)     contributed to the contingency or event on which the policy became due and payable.

---

[46]     *Union Bankers Ins. Co. v. Shelton*, 889 S.W.2d 278, 282 (Tex. 1994).

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment          Page 12

(c)     It is a question of fact whether a misrepresentation made in the application for the policy or in the policy itself was material to the risk or contributed to the contingency or event on which the policy became due and payable.

Incorporating these principles, Texas case law provides that an insurer may cancel a policy on the basis of the insured's misrepresentation if the insurer pleads and proves five elements:  (1) the making of the representation; (2) the falsity of the representation; (3) the insurer's reliance on the representation; (4) the insured's intent to deceive in making the representation[47]; and (5) the materiality of the representation.[48]

Here, the facts clearly show that the Zweifel Defendants made an intentional and material misrepresentation when they failed to disclose on the Application that Mr. Zweifel had pled guilty to federal criminal charges and would face incarceration.  Accordingly, AGLIC is entitled to summary judgment in its favor and a declaration that the policy is void *ab initio* and rescinded.

### 1.     The Zweifel Defendants Made a False Misrepresentation on the Application for the 2013 Policy

It is clear that the Zweifel Defendants made false misrepresentations on the Application for the 2013 Policy.  Texas courts have explained that "[a] representation is made if the applicant signs a statement indicating the answers in the application are true and correct when the policy is delivered."[49]  Untrue answers in an insurance application constitute misrepresentations.[50]

---

[47]     The Court of Appeals has explained that although the statutory language in Section 705.004, which is 110 years old, has never expressly required the insurer to prove the insured intended to deceive the insurer with a misrepresentation in the policy application, the courts of Texas have consistently held that an insurer may not rescind a policy due to a misrepresentation in an insurance application unless the insurer proves the insured intended to deceive the insurer with the misrepresentation.  *Medicus Ins. Co. v. Todd*, 400 S.W.3d 670, 679 (Tex. App. – Dallas 2013, no pet.).  Noting that the court could not "vary from this long history of case law imposing this duty upon insurers" the court concluded that "the intent to deceive on the part of the insured in making a misrepresentation in an application for insurance is an element the insurer must prove to obtain a declaratory judgment that a policy is void due to the misrepresentations."  *Id.*

[48]     *Mayes v. Mass. Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980).

[49]     *United of Omaha Life Ins. Co. v. Halsell*, 2010 WL 376428, at *1 (W.D. Tex. Jan. 25, 2010). (AGLIC Appendix Tab 16).

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 13

When it signed and submitted the Application to AGLIC on June 3, 2013, Zweifel and the Firm agreed that the representations in the Application were true and correct. In the Application, the Zweifel Defendants represented to AGLIC that Zweifel had not been the subject of a criminal action, or similar proceeding in the past year. In actuality, however, on March 8, 2013, Zweifel had pled guilty in federal court to two counts of willfully aiding and assisting in the preparation of fraudulent tax returns. Because the Zweifel Defendants clearly made a false misrepresentations on the Application for the 2013 Policy, AGLIC has met its burden of proving the first two elements necessary to rescind the policy.

### 2. AGLIC Relied on Zweifel's False Misrepresentations in the Application for the 2013 Policy When Determining Whether to Renew the Lawyers' Professional Responsibility 2013 Policy

Reliance is established when the insurer does not know that the representations are false.[51] An insurer can meet this burden by showing that its underwriter was unaware of the misrepresentation when the policy was issued.[52] Importantly, the Application states that the lawyers' professional liability policy would be "issued in reliance upon the truth of [the applicant's] representations that [were] incorporated into and made part of [the] policy."[53]

Here, Tesh Patel, of Daniels Head (the Zweifel Defendants' insurance agent), has never expressed that he knew or told anyone at Zurich or AGLIC that Zweifel pleaded guilty to a federal criminal action three months prior to the Zweifel Defendants submitting and Zweifel

---

[50]     *Id.*

[51]     *Id.* at *4.

[52]     *Id.* at *3 (finding that an underwriter's affidavit stating he was unaware of the insured's false misrepresentation at the time the policy was issued was sufficient to prove that the insurer relied on the misrepresentation).

[53]     *See* Application at APP 0009.

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 14

signing the Application.[54]   In fact, on June 3, 2013, Zweifel told Patel that he was planning on retiring and selling his practice to his daughter.[55]

Moreover, on August 9, 2013, Zweifel requested that Patel cancel the 2013 Policy because he would be retiring from the practice of law.[56]   Zweifel, however, was in fact scheduled to begin serving his sentence at a federal prison in Bastrop, TX (and actually was incarcerated at Pollock in Louisiana) four days later on August 13, 2013.   Because Patel was unaware of Zweifel's criminal legal issues, the 2013 Policy was cancelled and an unearned premium check issued to Zweifel for $9,049, pursuant to the terms of the 2013 Policy.[57]

Finally, Jean Flora Nacchio, the professional liability claims specialist for the Coben Lawsuit, as testified in her affidavit, provides that AGLIC first became aware of Zweifel's guilty plea on or about July 19, 2013, only a few weeks before Zweifel began serving his sentence at a federal prison.[58]   Underwriting did not know of Zweifel's guilty plea until it learned about it from the claims department.[59]   Because AGLIC has shown that it relied on the Zweifel Defendants' false misrepresentations when it issued the 2013 Policy, it has met its burden of proving the third element necessary for rescission.

---

[54]        *See* Patel Notes [AGLIC 00083] (AGLIC Appendix Tab 9).

[55]        *See id.*

[56]        *See* Nacchio Affidavit at APP 0003, paragraph 12.

[57]        *See* Check [AGLIC 00688] (AGLIC Appendix Tab 10, APP 0078); *see* Hirsch Affidavit at APP 0006, paragraph 8; *see* Nacchio Affidavit at APP 0003-4, paragraphs 12 and 13.g. and h.

[58]        *See* Nacchio Affidavit at APP 0002-3, paragraphs 5-10.

[59]        *See* Hirsch Affidavit at APP 5, paragraph 5.

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 15

3.    **The Zweifel Defendants Intended to Deceive AGLIC in the Application**

Texas courts, including the U.S. Court of Appeals for the Fifth Circuit in applying Texas law, have found that the "intent to deceive may be established as a matter of law when the applicant warrants the representations to be true."[60]   The Texas Supreme Court has explained that "the utterance of a known false statement, made with intent to induce action…is equivalent to an intent to deceive."[61]

Here, the Zweifel Defendants made a false representation on the signed Application, dated June 3, 2013, by stating that none of its attorneys had not been the subject of a criminal action despite Mr. Zweifel having been served with process for a criminal information on January 30, 2013, arraigned on February 8, 2013, and ultimately re-arraigned in the Criminal Lawsuit in which he entered a plea agreement on March 8, 2013 and admitted he was guilty of two felony counts involving the fraudulent preparation of tax returns.  *As an attorney, Mr. Zweifel fully understood he was the subject of a criminal action, for which he pled guilty, yet stated otherwise on the Application.*   Moreover, Patel's underwriting notes detailing conversations with Zweifel indicate that Zweifel represented on June 4, 2013 that he was merely retiring from the practice of law.  Finally, on August 8, 2013, four days before Zweifel was scheduled to enter federal prison, when cancelling the 2013 Policy Zweifel confirmed that his license to practice law was in good standing.  The actions by the Zweifel Defendants during the renewal process (and cancellation process) clearly show their intention to deceive AGLIC

---

[60]    *Lee v. National Life Assur. Co. of Canada*, 632 F.2d 254 (5th Cir. 1980); *Halsell*, 2010 WL 376428, at *4; *see also Odom v. Ins. Co. of Pa.*, 441 S.W.2d 584, 591 (Tex. Civ. App.—Austin 1969) *aff'd*, 455 S.W.2d 195 (Tex. 1970).

[61]    *Shelton*, 889 S.W.2d at 282, n.7.

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 16

regarding Zweifel's criminal history.  Accordingly, AGLIC has met its burden of proving that the Zweifel Defendants intended to be deceitful as a matter of law.

### 4.     The Zweifel Defendants' False Misrepresentations Were Material

"Materiality to the risk is viewed at the time of the issuance of the policy, not at the time the loss occurred," and "the principal inquiry in determining materiality is whether the insurer would have accepted the risk if the true facts had been disclosed."[62]

Here, Daniel Hirsch has stated via affidavit that AGLIC would not have renewed the Zweifel Defendants' 2013 Policy had AGLIC known about the criminal action in which Mr. Zweifel was involved and pleaded guilty.[63]  This is also Ms. Nacchio's understanding.[64]  Clearly, Mr. Zweifel's guilty plea and his inability to fully practice law once incarcerated, was material to AGLIC's risk under its 2013 Policy, a lawyers' professional liability policy.  Because AGLIC has met its burden of proving the final element for a rescission action, summary judgment should be granted.

## VI.     CONCLUSION

For the reasons set forth above, AGLIC prays that the Zweifel Defendants' Motion for Summary Judgment be denied.  AGLIC further prays that its motion for summary judgment and that the Policy be declared void *ab initio* be granted.  AGLIC further requests all other relief to which it may be entitled at law or in equity.

---

[62]     *One Beacon Ins. Co. v. T. Wade Welch & Assocs.*, 2012 U.S. Dist. LEXIS 48280, at *10 (S.D. Tex. Apr. 5, 2012) (quoting *Robinson v. Reliable Life Ins. Co.*, 569 S.W.2d 29-30 (Tex. 1978)); *see also Fireman's Fund Ins. Co. v. Wilburn Boat Co.*, 300 F.2d 631, 641-43 (5th Cir. 1962) (finding insured made a material misrepresentation when declaring his boat would only be used for chartering but instead used it to carry passengers for hire).

[63]     *See* Hirsch Affidavit at APP 006, paragraphs 5-7.

[64]     *See* Nacchio Affidavit at APP 003, paragraphs 10-11.

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 17

Respectfully submitted,

/s/ Alicia G. Curran
Alicia G. Curran (Lead Attorney)
State Bar No. 12587500
Southern Admission No. 19226
acurran@cozen.com

**OF COUNSEL:**

COZEN O'CONNOR
1717 Main Street, Suite 3400
Dallas, Texas  75201-7335
Telephone:  (214) 462-3000
Facsimile:  (214) 462-3299

**ATTORNEYS FOR PLAINTIFF AMERICAN
GUARANTEE AND LIABILITY INSURANCE
COMPANY**

## CERTIFICATE OF SERVICE

I certify that a true copy of this document was served on all counsel of record via the Court's electronic filing system on April 17, 2015.

Christine Kirchner
Jeff C. Wigginton, Jr.
Chamberlain, Hrdlicka, White, Williams & Aughtry, P.C.
1200 Smith Street, Suite 1400
Houston, TX 77002
*Attorneys for Defendants William R. Zweifel and William R. Zweifel, P.C.*

Sarah A. Duckers
Terrie L. Sechrist
Sechrist-Duckers LLP
770 South Post Oak Lane, Suite 410
Houston, TX 77056
*Attorneys for Defendants Ron and Leanne Coben*

/s/ Alicia G. Curran
Alicia G. Curran

LEGAL\22645442\1

AGLIC's Response in Opposition to the
Zweifel Defendants' Motion for Summary Judgment and
AGLIC's Brief in Support of Its Cross Motion For Summary Judgment                    Page 18